**RECEIVED**

JAN 1 0 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>UFOREX CONSULTING, LLC, a.k.a UFOREX, LLC, a.k.a. UFOREXIA, LTD.; PAULO R. CORREA, a.k.a. PAUL R. KARR; and MARIO GARCIA,<br><br>Defendants, | **6:07-CV-0046    LO**<br>**JUDGE DOHERTY**<br>**MAGISTRATE JUDGE HILL** |

## [Proposed] STATUTORY RESTRAINING ORDER

Having read the Complaint for Injunctive and Other Equitable Relief, the Plaintiff's Motion for a Statutory Restraining Order, the Declaration of Judith McCorkle and exhibits thereto and the Declarations of Carla Landry, Raymond Boutte, John St. John, Monique Michaud, Helena Fletcher, Peter Bauer, Julius Borque, Rod Buck, and Philip Hurd, the excerpts of the transcript of testimony of Raymond Boutte, Carla Landry and Mario Garcia, and the brief submitted in support of its motion;

1

**THE COURT FINDS:**

1. The Court has jurisdiction over the subject matter.

2. Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (2002), permits this Court to enter a statutory restraining order ("SRO").

3. It appears that there is good cause to believe that Defendants UForex Consulting, LLC, a.k.a UForex, LLC, a.k.a. UForexia, Ltd. ("UForex"); Paulo R. Correa, a.k.a. Paul R. Karr ("Correa"); and Mario Garcia ("Garcia") (collectively "Defendants"), have engaged, are engaging in and are about to engage in violations of Sections 4b(a)(2)(i), (ii) and (iii) of the Commodity Exchange Act, as amended ("Act") 7 U.S.C. § 6b(a)(2)(i), (ii) and (iii)(2002) and Commission Regulation 1.1(b), 17 C.F.R. § 1.1(b) (2005). There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for clients in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by the Defendants of their assets or destruction of records unless the Defendants are immediately restrained and enjoined by Order of this Court and, accordingly, there is good cause to issue this order.

3. It further appears to the satisfaction of the Court that this is a proper case for granting a statutory restraining order to preserve the status quo and to protect public clients from further loss and damage.

## ORDER

### DEFINITIONS

For the purposes of this Order, the following definitions apply:

6. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures,

general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

7. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

8. "Defendants" means, UForex Consulting, LLC, a.k.a UForex, LLC, a.k.a. UForexia, Ltd.; Paulo R. Correa, a.k.a. Paul R. Karr; and Mario Garcia and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Defendants, and any person who receives actual notice of this Order by personal service or otherwise, including Federal Express and facsimile, insofar as he or she is acting in concert or participation with Defendants.

## RELIEF GRANTED

## STATUTORY RESTRAINING ORDER

### *I. ASSET FREEZE*

**IT IS ORDERED** that Defendants are restrained and enjoined from directly or indirectly withdrawing, transferring, removing, dissipating, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, converting, or otherwise disposing of any funds, assets or other property, wherever located, including funds, property or assets held outside

the United States, except as ordered by the Court. The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order, as well as accounts not specifically identified below.

**IT IS FURTHER ORDERED** that, pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any funds, assets or other property of the Defendants, or has held, controlled, or maintained custody of any funds, assets or other property of the Defendants, and who receives notice of this order by any means, including facsimile, electronic mail, and Federal Express, shall:

A. Prohibit Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such assets except as directed by further order of the Court;

B. Deny Defendants, and all other persons access to any safe deposit box that is:

1. titled in the name of the Defendants, either individually or jointly; or

2. otherwise subject to access by the Defendants;

C. Provide counsel for the CFTC within five (5) business days of receiving a copy of this Order, a statement setting forth:

1. the identification number of each such account or asset titled in the name, individually or jointly, of the Defendants, or held on behalf of, or for the benefit, of the Defendants;

2. the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds

removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

   3. the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants, or is otherwise subject to access by the Defendants;

 D. Upon the request by the CFTC, promptly provide the CFTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

 E. Cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to Defendants' accounts and Defendants' businesses.

## II. *PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS*

**IT IS FURTHER ORDERED** that the Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, including facsimile and Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of the Defendants.

## III. *ACCESS TO AND INSPECTION OF BOOKS AND RECORDS*

**IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of the Defendants and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of the Defendants or others, and to copy

said documents, data and records, either on or off the premises where they may be situated.

## IV. *STAY*

**IT IS FURTHER ORDERED** that except by leave of the Court the Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of the Defendants, including but not limited to, the following actions:

- A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

- B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Defendants or any property claimed by the Defendants, or attempting to foreclose, forfeit, alter or terminate any of the Defendants' interests in property, whether such acts are part of a judicial proceeding or otherwise;

- C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Defendants; and

- D. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of the Defendants. This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## V. *SERVICE OF ORDER AND ASSISTANCE OF U.S. MARSHALL'S SERVICE*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order. Judith McCorkle, Tom Koprowski, William Heitner, Cynthia Cannon, and Venice Bickham, all employees of the CFTC,

are hereby specially appointed to serve process, including this Order and all other papers in this cause.

IT IS FURTHER ORDERED that the United States Marshals Service is directed to assist the Commission with service of process, including the summons and complaint, and all other papers in this case as well as assist the Commission with taking control and custody of the assets, records and business premises of the Defendants.

## VI. *SERVICE ON THE COMMISSION*

IT IS FURTHER ORDERED that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Susan Gradman, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## VII. *COURT MAINTAINS JURISDICTION*

IT IS FURTHER ORDERED that this Statutory Restraining Order shall remain in full force and effect until further Order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

## VIII. *FURTHER COURT HEARINGS*

IT IS FURTHER ORDERED that this matter is set for a status hearing immediately upon notice by the government that defendants are represented by counsel or elect to represent themselves, pro sé.

IT IS FURTHER ORDERED that plaintiff's Motion for a Preliminary Injunction well be set for hearing at the status conference.

The government is nonetheless, to contact this Court within fifteen days of this date to revisit this order; exclusive of weekends and holidays.

Signed at 2:40 p.m on the 10th day of January, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE