RECEIVED
BY _____
JAN 23 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>UFOREX CONSULTING, LLC, a.k.a UFOREX, LLC, a.k.a. UFOREXIA, LTD.; PAULO R. CORREA, a.k.a. PAUL R. KARR; and MARIO GARCIA,<br><br>Defendants, | CIVIL ACTION NO. 6:07-CV-0046<br><br>Judge Doherty<br>Magistrate Judge Hill |

## [Proposed] FIRST AMENDED STATUTORY RESTRAINING ORDER

This First Amended Statutory Restraining Order amends the Statutory Restraining Order entered by this Court on January 10, 2007, nun pro tunc. Having read the Complaint for Injunctive and Other Equitable Relief, the Plaintiff's Motion for a Statutory Restraining Order, the Declaration of Judith McCorkle and exhibits thereto and the Declarations of Carla Landry, Raymond Boutte, John St. John, Monique Michaud, Helena Fletcher, Peter Bauer, Julius Borque,

1

Rod Buck, and Philip Hurd, the excerpts of the transcript of testimony of Raymond Boutte, Carla Landry and Mario Garcia, and the brief submitted in support of its motion;

**THE COURT FINDS:**

1. The Court has jurisdiction over the subject matter.

2. Section 6c of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (2002), permits this Court to enter a statutory restraining order ("SRO").

3. It appears that there is good cause to believe that Defendants UForex Consulting, LLC, a.k.a UForex, LLC, a.k.a. UForexia, Ltd. ("UForex"); Paulo R. Correa, a.k.a. Paul R. Karr ("Correa"); and Mario Garcia ("Garcia") (collectively "Defendants"), have engaged, are engaging in and are about to engage in violations of Sections 4b(a)(2)(i), (ii) and (iii) of the Commodity Exchange Act, as amended ("Act") 7 U.S.C. § 6b(a)(2)(i), (ii) and (iii)(2002) and Commission Regulation 1.1(b), 17 C.F.R. § 1.1(b) (2005). There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for clients in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by the Defendants of their assets or destruction of records unless the Defendants are immediately restrained and enjoined by Order of this Court and, accordingly, there is good cause to issue this order

3. It further appears to the satisfaction of the Court that this is a proper case for granting a statutory restraining order to preserve the status quo and to protect public clients from further loss and damage.

## ORDER

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

6. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts including bank accounts and accounts at financial institutions, credits, receivables, lines of credit, contracts including spot and futures contracts, insurance policies, and all cash, wherever located.

7. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

8. "Defendants" means, UForex Consulting, LLC, a.k.a UForex, LLC, a.k.a. UForexia, Ltd.; Paulo R. Correa, a.k.a. Paul R. Karr; and Mario Garcia and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee or attorney of Defendants, and any person who receives actual notice of this Order by personal service or otherwise, including Federal Express and facsimile, insofar as he or she is acting in concert or participation with Defendants.

## RELIEF GRANTED

## STATUTORY RESTRAINING ORDER

### *I. ASSET FREEZE*

**IT IS ORDERED** that except as set forth below, Defendants are restrained and enjoined from directly or indirectly withdrawing, transferring, removing, dissipating, selling, alienating,

liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, converting, or otherwise disposing of any funds, assets or other property, wherever located, including funds, property or assets held outside the United States. The assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order, as well as accounts not specifically identified below;

**IT IS FURTHER ORDERED,** that notwithstanding the foregoing, that Defendant Correa is permitted to use up to a maximum of $25,000 of his funds obtained through sale of his Mercedes automobile license plate number Florida TF5FM to pay his reasonable attorney fees in this action, and will substantiate to the CFTC that those funds are being used solely for payment of attorney fees and related costs and expenses.

**IT IS FURTHER ORDERED,** that the Statutory Restraining Order is hereby forthwith lifted with respect to the Asset Freeze affecting the CitiCorp Gold Account ending in # 5157, and all assets contained there in shall be transferred to the Allan M .Lerner Trust Account described below.

**IT IS FURTHER ORDERED,** that Defendant Correa shall deposit all after acquired assets into his attorney Allan Lerner's ("Lerner") trust account ("Law Offices of Allan M. Lerner Trust Account"), account number 7333493 at Wachovia Bank, Ft. Lauderdale, Florida and Defendant Correa is permitted to draw up to a maximum of $3,237.50 of his personal funds per calendar month from Lerner's trust account to satisfy his ordinary and necessary living expenses. At the request of the CFTC, Lerner shall provide documentation to the CFTC of all deposits and withdrawals into and from that account. If Defendant Correa does not earn sufficient income after the effective date of this order to satisfy his $3,237.50 per month in ordinary and necessary living expenses, Correa shall be permitted to make up any deficiency by drawing the difference,

4

up to a maximum of $3,237.50 per calendar month, from the funds transferred from the Citibank account ending in 5157 to satisfy his ordinary and necessary living expenses.

**IT IS FURTHER ORDERED** that, except as set forth above, pending further Order of this Court, any financial or brokerage institution, business entity, or person that holds, controls, or maintains custody of any funds, assets or other property of the Defendants, or has held, controlled, or maintained custody of any funds, assets or other property of the Defendants, and who receives notice of this order by any means, including facsimile, electronic mail, and Federal Express, shall:

A. Prohibit Defendants and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such assets except as directed by further order of the Court;

B. Deny Defendants, and all other persons access to any safe deposit box that is:

1. titled in the name of the Defendants, either individually or jointly; or

2. otherwise subject to access by the Defendants;

C. Provide counsel for the CFTC within five (5) business days of receiving a copy of this Order, a statement setting forth:

1. the identification number of each such account or asset titled in the name, individually or jointly, of the Defendants, or held on behalf of, or for the benefit, of the Defendants;

2. the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds

removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

    3. the identification of any safe deposit box that is either titled in the name, individually or jointly, of the Defendants, or is otherwise subject to access by the Defendants;

  D. Upon the request by the CFTC, promptly provide the CFTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

  E. Cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to Defendants' accounts and Defendants' businesses.

**IT IS FURTHER ORDERED,** that this Statutory Restraining Order is without prejudice to the defendants right to apply to this Court to modify or object to any of the terms of the Asset Freeze set forth herein

## II. *PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS*

**IT IS FURTHER ORDERED** that the Defendants and all persons or entities who receive notice of this Order by personal service or otherwise, including facsimile and Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or business or personal finances of the Defendants.

## III. *ACCESS TO AND INSPECTION OF BOOKS AND RECORDS*

**IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately

6

to inspect the books, records, and other documents of the Defendants and their agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of the Defendants or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

## IV. *SERVICE OF ORDER AND ASSISTANCE OF U.S. MARSHALL'S SERVICE*

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of the Defendants, or that may be subject to any provision of this Order. Judith McCorkle, Tom Koprowski, William Heitner, Cynthia Cannon, and Venice Bickham, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

**IT IS FURTHER ORDERED** that the United States Marshals Service is directed to assist the Commission with service of process, including the summons and complaint, and all other papers in this case as well as assist the Commission with taking control and custody of the assets, records and business premises of the Defendants.

## V. *SERVICE ON THE COMMISSION*

**IT IS FURTHER ORDERED** that the Defendants shall serve all pleadings, correspondence, notices required by this Order, and other materials on the Commission by delivering a copy to Susan Gradman, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

## VI. COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED** that this First Amended Statutory Restraining Order shall remain in full force and effect until further Order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

Signed at __11:30__ o'clock am/pm on the __23__ day of __January__, 2007

_____
UNITED STATES DISTRICT JUDGE