

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION | CIVIL ACTION NO. 07-0046 |
| VERSUS | JUDGE DOHERTY |
| UFOREX CONSULTING, LLC., ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is a Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(1) (Lack of Subject Matter Jurisdiction) filed by defendants UForex Consulting, LLC ("UForex") and Paulo R. Correa. [Doc. 21] Plaintiff, the Commodity Futures Trading Commission ("CFTC") brought this action under the Commodity Exchange Act ("CEA" or "the Act"), 7 U.S.C. § 1 *et seq.*, alleging defendants: (1) violated the CEA by committing "fraud by misrepresentation and misappropriation"; and (2) violated the CEA by "making false reports." The issue of immediate concern to the Court is whether or not the CFTC has jurisdiction under the Act over the transactions at issue in this matter.

7 U.S.C. § 2 reads in pertinent part: "The Commission shall have exclusive jurisdiction ... with respect to accounts, agreements ... and transactions involving *contracts of sale of a commodity for future delivery, . . .*" (emphasis added) As one would expect, the CFTC argues the transactions at issue in this matter constituted "contracts of sale of a commodity for future delivery," and therefore, it has jurisdiction over this matter. Conversely, defendants UForex and Correa argue the transactions at issue were off-exchange spot transactions (and not "futures contracts") and thus, the

CFTC lacks jurisdiction over this matter under the Act.

For the reasons stated on the record on July 12, 2007, the Court finds it has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 ("United States as plaintiff") and 28 U.S.C. § 1331 (federal question jurisdiction), and therefore defendants' Motion is DENIED.[1]

Defendants' Motion for Leave to File a Reply Memorandum [Doc. 28] is DENIED, as the Court finds the underlying motion to dismiss was not made pursuant to the proper procedural vehicle, and therefore the Court declines to reach the merits of this matter, which the reply memorandum addresses.

Plaintiff's Motion for Preliminary Injunction [Doc. 4] is DENIED at this time, as it will be subsumed into the Court's ruling on the merits.[2]

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this ____ day of August, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] This Court again states it has serious concern that plaintiff has failed to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). However, the motion before the Court has not asked for relief pursuant to 12(b)(6), and for the reasons discussed more fully on the record, the Court declines to *sua sponte* convert the 12(b)(1) motion to a 12(b)(6). (See record of July 12, 2007 for further detail.)

[2] See record of conference held April 16, 2007 for more details.