RECEIVED
APR - 2 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION | CIVIL ACTION NO. 07-0046 |
| VERSUS | JUDGE DOHERTY |
| UFOREX CONSULTING, LLC., ET AL. | MAGISTRATE JUDGE HILL |

### AMENDED MEMORANDUM RULING

At page ten of this Court's recently issued Ruling in this matter [Rec. Doc. 53], in section II(A)(1) ("Standard for Motion to Dismiss Pursuant to Rule 12(b)(6)"), the Court cited Conley v. Gibson, 355 U.S. 41, 45-46 (1957) for the following proposition: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, as noted in Cuvillier v. Taylor, 503 F.3d 397, n. 4 (5th Cir. 2007), "the Supreme Court . . . recently retired Conley's 'no set of facts' language." Id. (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) ("the phrase is best forgotten as an incomplete, negative gloss on an excepted pleading standard.")).

In Bell, the United States Supreme Court abrogated the language in Conley, finding it had been misconstrued over the years. Pursuant to Bell, to avoid the dismissal under Rule 12(b)(6), the complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell at 1974. "'Factual allegations' [in the complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Reliable Consultants, Inc. v. Earle, 2008 - - F.3d - - -, 2008 WL 383034 (5th Cir. 2008) (quoting Bell at 1965).

Although the Court notes <u>Bell</u> abrogated the language of <u>Conley</u>, nevertheless, the result in this matter does not change. Because the Court looked to matters outside of the complaint and contract (*i.e.*, the declarations of UForex customers, the declaration of the CFTC's investigator and the deposition testimony of Mario Garcia), the motion to dismiss was converted to a motion for summary judgment. Nothing in <u>Bell</u> eliminated the requirement that a 12(b)(6) motion be converted to a summary judgment motion when matters outside of the complaint are considered. *See e.g.* <u>Reliable Consultants</u>, 2008 - - F.3d - - -, 2008 WL 383034 (5th Cir. 2008). Due to the foregoing, the Memorandum Ruling is amended to recognize that the "no set of facts" language contained in <u>Conley v. Gibson</u> has been abrogated, however, the remainder of the Ruling remains intact.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this \_\_2\_\_ day of April, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE